UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTONIO AUSTIN HANER, JR,
    Plaintiff,

vs.                          Case No.: 3:25cv2394/TKW/ZCB

ANNA MARIE HOMMINGA,
    Defendant.

                                   /

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, commenced this action by filing a complaint. (Doc. 1). On February 18, 2026, the Court issued an order requiring Plaintiff to show cause, within fourteen days, as to why his case should not be dismissed for lack of jurisdiction. (Doc. 11). That deadline has passed, and Plaintiff has not provided sufficient cause to avoid dismissal. (Doc. 12). Accordingly, the matter should be dismissed.

"Federal courts . . . are courts of limited jurisdiction." *Wu v. Liu*, 131 F.4th 1295, 1298 (11th Cir. 2025) (cleaned up). If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is based upon either federal question or diversity jurisdiction, or jurisdiction under a specific statutory grant. *See* 28

1

U.S.C. §§ 1331, 1332; *Wilson v. Hearos, LLC*, 128 F.4th 1254, 1260 (11th Cir. 2025).

Federal question jurisdiction exists when an action arises under federal law.  28 U.S.C. § 1331.  Actions arise under federal law "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Schleider v. GVDB Operations, LLC*, 121 F.4th 149, 155-56 (11th Cir. 2024).  This "well-pleaded complaint rule means that a federal question is 'presented' when the complaint—on its face—invokes federal law as the basis for relief."  *Id.*  Claims based on state law generally do not confer federal question jurisdiction.  *See Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

A second way to invoke federal subject matter jurisdiction is through diversity jurisdiction.  Diversity jurisdiction exists when the parties are residents of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  "[T]he plaintiff's amount-in-controversy allegation is accepted if made in good faith."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).  "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse

2

from every defendant." *Hensley v. Hartford Cas. Ins. Co.*, 113 F.4th 1327, 1332 (11th Cir. 2024).

The burden to establish federal subject matter jurisdiction rests on the party asserting it. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007). Before dismissing a case for lack of subject matter jurisdiction, the court should provide the plaintiff with notice and an opportunity to respond. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

In his complaint, Plaintiff alleges that Defendant is an employee of the Florida Department of Corrections. And Plaintiff purports to bring a civil rights claim under 42 U.S.C. § 1983 for malicious prosecution in violation the Fourth and Fourteenth Amendments. (Doc. 1). While Plaintiff included some factual allegations in his complaint (such as dates of prosecutions), he also incorporated by reference "the factual record" contained in other, previously filed federal cases. (*Id.* at 3). Upon a review of the cited cases, it appears that Defendant is not subject to liability under 42 U.S.C. § 1983.

Plaintiff's dispute with Defendant arose out of their personal relationship with each other—it did not arise from Defendant's capacity

3

as an employee of the Florida Department of Corrections. Indeed, in Case No. 3:25cv629/HTC/TKW (a case Plaintiff incorporated by reference), Plaintiff alleged that he and Defendant had a relationship in Arizona before Plaintiff moved to Florida. After Plaintiff moved to Florida, Defendant moved to Florida to reestablish contact with Plaintiff. Plaintiff and Defendant then got into an altercation that led to Defendant making a "false report to police which resulted in [Plaintiff's] arrest." (*Id.*, Doc. 5 at 2). Plaintiff allegedly made a deal with prosecutors whereby the charges were dropped after Plaintiff paid court costs and attended anger management sessions. (*Id.*).[1]

Defendant is not subject to liability under § 1983 because she was acting as a private citizen—not a state actor when engaged in the alleged

---

[1] The Court further characterized Plaintiff's previous claims against Defendant as "frivolous." The Court stated: "[W]hile the complaint contains allegations about events in Florida, those claims are frivolous. [Plaintiff] cannot pursue a constitutional claim against [Defendant] for falsely reporting a crime to Florida law enforcement because she did not act under color of state law when she did so. . . . While [Plaintiff] alleges [Defendant] is employed as a state correctional officer, her conduct stemmed from her personal relationship with [Plaintiff]; nothing indicates she acted in her capacity as a state correctional officer when she made the allegedly false report. . . . [Plaintiff's] constitutional claims against [Defendant], therefore, are frivolous." Case No. 3:25cv629, Doc. 5 at 7-8 (citations omitted).

4

conduct. *See Myers v. Bowman*, 713 F.3d 1319, 1329 (11th Cir. 2013) (holding county judge was acting as a private citizen when he reported the theft of a dog which caused plaintiff's arrest and thus, not liable under § 1983).[2]  Although Defendant is employed as a state correctional officer, her conduct giving rise to Plaintiff's complaint stemmed from the personal relationship between Plaintiff and Defendant.  Nothing in Plaintiff's complaint indicates Defendant was acting in her official capacity as a state correctional officer when she "initiated" the prosecutions described in Plaintiff's complaint. *Id.* ("Not all acts by state employees are acts under color of law and acts of officers in the ambit of their personal pursuits are not done under color of law.") (cleaned up).

Because Defendant is not subject to liability under § 1983, Plaintiff's reference to § 1983 in his complaint is insufficient to confer federal subject matter jurisdiction.[3]  *See O'Neal v. Allstate Indem. Ins.*

---

[2] There are some situations where private individuals can be subject to § 1983 liability. *See Charles v. Johnson*, 18 F.4th 686, 694 (11th Cir. 2021). None of those exceptions are relevant to Plaintiff's allegations.

[3] *See also Terry v. Desautels*, No. 2:24-CV-727-RAH-JTA, 2025 WL 2089310, at *9 (M.D. Ala. July 24, 2025) (dismissing without prejudice § 1983 claim for lack of subject matter jurisdiction where the complaint "contains no colorable allegation Defendants acted under color of state law or violated a constitutional right or federal statute, nor does it contain any facts from which such allegations could be generously

*Co. Inc.*, No. 20-14712, 2021 WL 4852222, at \*\*2-3 (11th Cir. Oct. 19, 2021) (affirming dismissal for lack of subject matter jurisdiction where the district court held that the plaintiff "failed to allege a substantial, nonfrivolous federal claim that would implicate the court's federal question jurisdiction").

Aside from Plaintiff's reference to § 1983, he provides no other allegations sufficient to invoke this Court's federal question jurisdiction. Moreover, although Plaintiff does not invoke diversity jurisdiction under § 1332, it is apparent that the complaint provides no basis for it.  Plaintiff and Defendant are residents of Florida.  (Docs. 1 at 2, 5).  Therefore, there is no complete diversity between the parties as required for diversity jurisdiction.

Before recommending dismissal for lack of subject matter jurisdiction, the Court provided Plaintiff with notice and an opportunity

---

construed or inferred"), *adopted*, 2025 WL 2375145 (M.D. Ala. Aug. 14, 2025); *Moorer v. Trump*, No. 3:21CV872-MCR-HTC, 2021 WL 4138702, at \*2 (N.D. Fla. July 16, 2021) ("The general rule governing pleading federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a federal statute. Rather, it is required that the complaint clearly set out the basic facts necessary to support the conclusion that there is federal jurisdiction."), *adopted*, 2021 WL 4134669 (N.D. Fla. Sept. 9, 2021).

to respond by way of the show cause order.  Plaintiff responded, arguing that because of Defendant's occupation as a Florida Department of Corrections officer, she had more influence over law enforcement and prosecutors than a private citizen. (Doc. 12 at 2-3, 4).  His allegations are insufficient to show that Defendant acted under color of state law. *See Myers*, 713 F.3d at 1329.

For the reasons above, it is respectfully **RECOMMENDED** that:

1.    This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2.    All pending motions be **DENIED as moot**.

3.    The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 2nd day of March 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

**<u>Notice To The Parties</u>**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all

8

other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.